UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-121-RLV
(5:94-cr-5-RLV-1)

| ANTHONY GEORGE ROSS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On June 9, 1994, Petitioner was found guilty of Conspiracy to Use a Firearm in a Crime of Violence; two counts of Taking Money from Bank by Force, and Aiding and Abetting the Same; two counts of Armed Bank Robbery; two counts of Use and Carry a Firearm During a Crime of Violence; and two counts of Possession of Firearm by Convicted Felon, all in violation of federal law. The presentence report found Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines § 4B1.2: a North Carolina conviction for robbery with a firearm, and a North Carolina conviction for common law robbery. The Court applied § 4B1.2 to determine Petitioner's advisory sentencing guideline range, and sentenced him to 594 months in prison. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 23, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the Court's application of the career-offender provision in determining his advisory guideline range. The career-offender

1

enhancement applies to defendants who, among other things, have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner contends that his conviction for common law robbery is no longer a "crime of violence" under the Guidelines in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 1, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

Respondent states that counsel for Petitioner does not object to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 4) is **GRANTED.** This matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge