**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00121-RJC
(5:94-cr-00005-RJC-1)**

| | |
|---|---|
| **ANTHONY GEORGE ROSS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's unopposed motion to hold this action in abeyance. (Doc. 10.) Petitioner is represented by the Federal Defenders of Western North Carolina. According to Petitioner's motion, counsel for the Government does not object to the request. (Doc. No. 10 at ¶ 8.)

On June 23, 2016, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging the Court's application of the career-offender guideline, United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2, in determining his range of punishment. (Doc. No. 1.) Petitioner argues that he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender sentencing guideline. Id., 135 S. Ct. at 2563.

On October 7, 2016, the Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 5.) The Supreme Court issued that opinion on March 6,

1

2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline. Id. at 890, 895.

In the wake of the Beckles decision, Petitioner filed a supplemental brief in support of his Motion to Vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. (Doc. No. 6.) The Government has filed a Response to the Motion to Vacate. (Doc. No. 7.)

This Court subsequently granted Petitioner's Motion to hold his § 2255 action in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. (Doc. No. 9.) Brown, like Petitioner, argued that his sentence should be vacated under Johnson because he was classified as a career offender when the guidelines were mandatory. On August 21, 2017, the Fourth Circuit held that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)." United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017). According to the instant Motion, the Fourth Circuit denied Brown's petition for rehearing and rehearing en banc on February 26, 2018.

Petitioner's post-conviction counsel has been informed by Brown's counsel that Brown will be filing a petition for writ of certiorari to the United States Supreme Court. (Doc. No. 10 at ¶ 6.) Petitioner now moves to hold this action in abeyance pending the Supreme Court's resolution of Brown. For the reasons stated in the Motion, and without objection from the Government, the Court concludes that the motion to hold this action in abeyance should be granted.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to place this action in

abeyance (Doc. No. 10) is **GRANTED**, and this action is held in abeyance pending the Supreme Court's resolution of <u>United States v. Thilo Brown</u>. Thereafter, Petitioner shall have 30 days to reply to the Government's Response to the § 2255 Motion to Vacate.

   **IT IS FURTHER ORDERED** that in the event Brown does not file a petition for writ of certiorari, counsel for Petitioner shall file written notice of that fact no more than seven (7) days after Brown's deadline for filing a certiorari petition expires.

Signed: April 17, 2018

Robert J. Conrad, Jr.
United States District Judge